```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 27, 2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RENE GARCIA, on behalf of himself and
all others similarly situated,

                             Plaintiff,

                           -against-

TRAK FOOD INC. d/b/a BROADWAY RESTAURANT,
CHRISTOS ARSENIS and EVANGELOS ARSENIS,

                           Defendants.
-------------------------------------------------------------------X

16-CV-3427 (KPF)

## SETTLEMENT AGREEMENT AND RELEASE
## OF WAGE AND HOUR CLAIMS

This Settlement Agreement and Release of Wage and Hour Claims (the "Agreement") is made and entered into by and among Plaintiff Rene Garcia ("Plaintiff") and Defendant Trak Food, Inc. d/b/a Broadway Restaurant, and each of its parent companies and any of its subsidiaries, divisions, related companies, and its predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, and Christos Arsenis and Evangelos Arsenis, jointly and severally (collectively, "Defendants") (collectively, Plaintiff and Defendants shall be referred to as "the Parties").

      WHEREAS, Plaintiff is a former employee of Defendants;

      WHEREAS, Plaintiff has filed a Complaint against Defendants for unpaid wages in the United States District Court for the Southern District of New York, which was captioned as *Rene Garcia, et al. v. Trak Food, Inc., et al.*, 16-CV-3427 (KPF) (the "Pending Action");

      WHEREAS, the Parties freely and voluntarily desire to fully and finally resolve and settle all wage and hour claims that Plaintiff had, has, or may have against Defendants, including but

not limited to, all claims and issues that were or could have been raised in the Pending Action, including any and all claims for unpaid wages, damages, liquidated damages, or attorneys' fees;

WHEREAS, the terms and conditions of this Agreement have been explained to the Parties by their counsel;

NOW, THEREFORE, the Parties, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. **No Admission of Liability**. This Agreement shall not in any way be construed as an admission by Defendants of any violation of any right of Plaintiff. Defendants, for themselves as well as their respective owners, subsidiaries, officers, affiliates, employees, agents and representatives, expressly deny violating any right of Plaintiff based on federal, state or local law pertaining to his employment and expressly deny any liability to Plaintiff. The Parties acknowledge that this Agreement is meant to resolve a bona fide dispute between Plaintiff and Defendants as to the amount of hours that Plaintiff worked and the amount of any compensation that Plaintiff may have been entitled to, if any, as a result of such work for Defendants. Accordingly, while this Agreement resolves all wage and hour issues and disputes between Plaintiff and Defendants, this Agreement compromises disputed claims and, as such, is not an admission by any party to the merits of such claims and this Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from a breach of the Agreement, or to enforce the Agreement.

2. **Judicial Review/Dismissal of the Pending Action**

Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal dismissing the Pending Action with prejudice, which Stipulation and Order shall expressly provide that, with the Court's

consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The Parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal, to the Court for Judicial review and approval.

### 3. Agreement To Refrain From Filing Wage and Hour Claims

(a) Plaintiff represents that he has not filed any other lawsuit or initiated any other proceeding against any of the Defendants (including its current or former owners, officers, directors, partners, shareholders, board members, trustees, commissioners, employees, agents, parent corporations, subsidiary corporations, wholly owned companies, affiliates and divisions, business holdings, other entities in which Defendants have an ownership interest, and their predecessors, successors, assigns, beneficiaries, servants, legal representatives, insurers, heirs, family members, agents, representatives, attorneys, assigns, beneficiaries, executors, trustees, fiduciaries, and administrators) (collectively referred to hereinafter as "Releasees"), except the Pending Action dismissed herewith. Plaintiff also agrees that, so long as the Defendants make full payment as set forth in this Agreement, he will not bring any lawsuit or initiate any proceeding for any wage and hour claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on his behalf, to the maximum extent possible under applicable law.

(b) If Plaintiff files or participates in a lawsuit against Defendants, and a Court determines that such lawsuit is in violation of Paragraph 3(a) of this Agreement, Plaintiff shall be liable to Defendants for their reasonable attorneys' fees and other litigation costs incurred in defending against such a suit. Plaintiff acknowledges the above provisions concerning attorneys' fees and costs are directly related to Plaintiff's breach of this Agreement, and do not apply in the event of a non-breaching occurrence, such as Plaintiff's participation in

any agency investigation under the conditions set forth below in Paragraph 3(e) of this Agreement.

4. **Wage & Hour Release by Plaintiff**

(a) In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiffs' employment with Defendants and any other compensation or wages. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any wage or hour claims that may occur after that date, or any non-wage and hour claims.

(b) For the purpose of implementing a full and complete wage and hour release, Plaintiff expressly acknowledges that this Agreement resolves all legal wage and hour claims Plaintiff may have against Defendants as of the effective date of this Agreement,

including but not limited to claims Plaintiff did not know or suspect to exist in Plaintiff's favor at the time of the effective date of this Agreement. Plaintiff hereby assumes any and all risk of any mistake in connection with the true facts involved in the matters, disputes or controversies described in this Agreement or with regard to any facts which are now unknown to Plaintiff.

(c) With respect to the wage and hour claims that Plaintiff is releasing and waiving, he is releasing and waiving not only his right to recover money or other relief in any wage and hour action that he might institute, but also he is releasing and waiving his right to recover money or other relief in any wage and hour action that might be brought on his behalf by any other person or entity including, but not limited to, representative class or collective action plaintiffs, the United States Equal Employment Opportunity Commission, the United States Department of Labor, the National Labor Relations Board, the New York State Department of Labor, or any other federal, state or local governmental agency or department. Plaintiff acknowledges and agrees that the released wage and hour claims include any that have been or may hereafter be asserted on his behalf in any class or collective wage and hour action relating to his employment and/or the termination of his employment with Defendants ("Class/Collective Action"). Accordingly: (a) Plaintiff waives any right to participate in any Class/Collective Action, including serving as a class representative or named plaintiff; and (b) Plaintiff waives any right to receive notice of any pending or resolved Class/Collective Action. In the event that Plaintiff is included or identified as a member or potential member of a class or collective in Class/Collective Action, he agrees to (i) opt out of such proceeding after learning of his inclusion by executing without objection or delay any opt out form presented to him, and/or (ii) not to opt in to such proceeding. Excluded from the release and waiver are any claims or rights which cannot be waived by law, such as Plaintiff's right to file a charge with an administrative agency

or participate in any agency investigation. Plaintiff is, however, waiving his right to recover any money in connection with such a charge or investigation. If a lawful subpoena to testify concerning any of the Defendants before any entity is issued to Plaintiff, Plaintiff will notify and provide Defendants with a copy of the subpoena within ten (10) days of its receipt.

     **5.**    **Consideration.** Defendants shall pay Plaintiff the total settlement sum of Five Thousand Dollars ($5,000), inclusive of all costs and attorneys' fees (the "Settlement Sum"). The Settlement Sum will be paid within five (5) days of the Court's approval of this Agreement as follows: $3,333.50 will be paid to Plaintiff ($1,666.75 in the form of a W-2 payment for back wages and $1,666.75 in the form of a 1099 payment). The remaining $1,666.50 of the Settlement Sum shall be paid to Plaintiff's counsel, Cilenti & Cooper, PLLC, which sum represents Plaintiff's reasonable attorneys' fees and costs related to this matter, and which shall be paid in the form of a 1099 payment. The payment Settlement Sum shall be sent to Plaintiff's counsel who shall be responsible for delivery of the payment to Plaintiff. Plaintiff specifically acknowledges that his receipt of the Settlement Sum is for complete payment of all wages, liquidated damages, penalties and interest due and owing to him by Defendants, accruing through the date of this Agreement, under the Fair Labor Standards Act and the New York Labor Law.

     **6.**    **Non-Payment.** If Defendants do not pay the complete Settlement Sum within five (5) days of the Court's approval of this Agreement, this Agreement will be nullified and the Pending Action will be restored and continue as if this Agreement never existed.

     **7.**    **Governing Law.** This Agreement is to be construed and governed under the laws of the State of New York, without regard to choice of law considerations, and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined

by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

**8.     Attorneys' Fees and Costs.** It is further agreed that, except as provided in paragraph 5 herein, each party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Pending Action.

**9.     Voluntary Settlement.**

(a)     Plaintiff hereby acknowledges receipt of a copy of this Agreement and understands and agrees that he: (a) had reasonable time within which to consider this Agreement before executing it; (b) carefully read and fully understands all the provisions of this Agreement; (c) knowingly and voluntarily agrees to all of the terms set forth in this Agreement; (d) knowingly and voluntarily intends to be legally bound by the same; and (e) was advised, and hereby is advised in writing, to consider the terms of this Agreement and consult with an attorney prior to executing this Agreement.

**10.     Other Acknowledgements and Agreements by Plaintiff.** Plaintiff agrees that, upon payment of the total Settlement Sum, he has been paid for all hours worked including minimum wages, overtime, and commissions, he has no accrued but unused vacation due to him, he has not suffered any on-the-job injury for which he has not already filed a workers' compensation claim, he has received any leave to which he was entitled during his employment, he has not been retaliated or discriminated against because he took a family or medical leave or any reason protected by law, and neither Defendants have interfered with his ability to request or take such leaves.

**11.** **No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement.

**12.** **No Waiver.** The failure of the Parties, or either of them, to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver thereof, or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

**13.** **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

**14.** **Severability.** The invalidity, illegality, or unenforceability of any provision of this Agreement will not affect any other provision of this Agreement, which shall remain in full force and effect. Nor will the invalidity, illegality or unenforceability of a portion of any provision of this Agreement affect the balance of such provision. In the event that any one or more of the provisions contained in this Agreement, or any portion thereof, is held to be invalid, illegal, or unenforceable in any respect, this Agreement shall be reformed, construed, and enforced as if such invalid, illegal, or unenforceable provision had never been contained herein.

**15.** **Entire Agreement.** This Agreement represents the entire understanding between the Parties hereto, and fully supersedes any and all prior agreements or understandings between

them, whether written or oral. The Parties agree that, other than as provided in this Agreement, they have no further obligation of any kind to one another except as contained in this Agreement.

**16.** **Prevailing Party Fees**. In the event of any litigation to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other party reasonable attorneys' fees and costs.

**17.** **Execution In Counterparts**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. An electronic version, facsimile, or photocopy of this Agreement or any signature thereon shall be deemed an original.

**[SIGNATURE PAGE ON THE FOLLOWING PAGE]**

**AGREED AND ACCEPTED:**

_____     Date 9-21-2016
Rene Garcia

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

On this _____ day of September, 2016, before me personally came Rene Garcia to me known and known to me to be the individual who executed the foregoing Agreement, and who duly acknowledged to me that he executed the same.

_____
Notary Public

**AGREED AND ACCEPTED:**

_____     _____
Evangelos Arsenis, individually and                Date
As an Owner of Trak Food Inc. d/b/a Broadway Restaurant

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

On this _____ day of September 2016, before me personally came Evangelos Arsenis, individually and as an Owner of Trak Food Inc. d/b/a Broadway Restaurant, to me known and known to me to be the individual who executed the foregoing Agreement, and who duly acknowledged to me that he executed the same on behalf of Trak Food Inc. d/b/a Broadway Restaurant

_____
Notary Public

**AGREED AND ACCEPTED:**

_____          _____
Rene Garcia                                         Date

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

On this _____ day of September, 2016, before me personally came Rene Garcia to me known and known to me to be the individual who executed the foregoing Agreement, and who duly acknowledged to me that he executed the same.

_____
Notary Public

**AGREED AND ACCEPTED:**

_____          9/23/2016
Evangelos Arsenis, individually and         Date
As an Owner of Trak Food Inc. d/b/a Broadway Restaurant

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

On this 23rd day of September 2016, before me personally came Evangelos Arsenis, individually and as an Owner of Trak Food Inc. d/b/a Broadway Restaurant, to me known and known to me to be the individual who executed the foregoing Agreement, and who duly acknowledged to me that he executed the same on behalf of Trak Food Inc. d/b/a Broadway Restaurant

_____
Notary Public

```
ONIKA D MCLEAN
Notary Public - State of New York
NO. 01MC6315372
Qualified in Kings County
My Commission Expires Nov 24, 2018
```

-10-

AGREED AND ACCEPTED:

_____                              9/23/2016
Christos Arsenis, individually and                           Date
as an Owner of Trak Food Inc. d/b/a Broadway Restaurant

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

On this 23rd day of September 2016, before me personally came Christos Arsenis, individually and as an Owner of Trak Food Inc. d/b/a Broadway Restaurant, to me known and known to me to be the individual who executed the foregoing Agreement, and who duly acknowledged to me that he executed the same on behalf of Trak Food Inc. d/b/a Broadway Restaurant

_____
Notary Public

ONIKA D MCLEAN
Notary Public - State of New York
NO. 01MC6315372
Qualified in Kings County
My Commission Expires Nov 24, 2018

Dated: New York, New York          SO ORDERED.
       September 27, 2016

                                   _____
                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE

-11-